THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVIGATORS MANAGEMENT COMPANY, INC., <br><br> Plaintiff, <br> v. <br><br> EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., <br><br> Defendant. | CASE NO. C21-1598-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion for leave to file a third-party complaint (Dkt. No. 9). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Plaintiff insured wireless charging pads and other cargo being shipped from Honk Kong to the United States. (Dkt. No. 1 at 2.) The insured contracted with Defendant, a non-vessel common carrier, to carry the cargo. (Dkt. Nos. 1 at 2, 9-1 at 3.) Plaintiff alleges the cargo was damaged due to improper loading or storage. (Dkt. No. 1 at 2–3.) Prior to shipment, Plaintiff issued its policy of insurance agreeing to indemnify the owner of the cargo. (*Id.* at 3.) Plaintiff paid out the insured and brought this subrogation claim against Defendant. (*Id.*)

Defendant moves to file a third-party complaint against the ocean carrier Ocean Network Express, Pte. Ltd. ("ONE"), alleging that ONE is contractually obligated to indemnify it against

Plaintiff's claims because the alleged damage occurred while the cargo was in ONE's care. (Dkt. Nos. 9 at 1, 9-1 at 1–3.)

A defendant may serve a third-party complaint "on a non-party who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A claim brought under this rule, however, is only proper when "the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *Id*. In making this determination, a court may consider four factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Stephens v. Comenity, LLC*, 287 F. Supp. 3d 1091, 1095 (D. Nev. 2017).

Here, Plaintiff does not oppose the motion. (Dkt. No. 9 at 2.) The third-party claims are unlikely to complicate the issues at trial given that they are factually related to Plaintiff's claims. The case is in its early stages and trial has not yet been set. (*See, e.g.*, Dkt. No. 7 (setting initial case management dates in December 2021).)

Accordingly, Defendant's motion for leave to file its third-party complaint against ONE (Dkt. No. 9), attached to the motion as Exhibit A (Dkt. No. 9-1), is GRANTED. Defendant is ORDERED to file its complaint by March 11, 2022.

DATED this 4th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE